NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0325n.06
Filed: May 9, 2006

Case No. 05-5845

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| DOUG HAGOOD, on behalf of themselves and all others similarly situated, | ) ) ) | |
| Plaintiff-Appellant, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| v. | ) ) ) | COURT FOR THE MIDDLE DISTRICT OF TENNESSEE |
| METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE, | ) ) ) ) | |
| Defendants-Appellees. | ) ) ) | |

_____

BEFORE: BATCHELDER and GRIFFIN, Circuit Judges; ZATKOFF, District Judge.[*]

**ALICE M. BATCHELDER, Circuit Judge.** Plaintiff-Appellant Doug Hagood appeals the

district court's dismissal of his discrimination claim against the Metropolitan Government of

Nashville, Tennessee, brought under Titles I and II of the Americans with Disabilities Act of 1990

("ADA"), 42 U.S.C. § 12101 et seq. Hagood is a disabled former police officer who was injured

in the line of duty in 1973 and is unable to work in any significant capacity. He receives disability

pension benefits through the defendant's disability benefits pension program. He brought this action

as a purported class action on behalf of himself and others similarly situated, claiming that the

defendants violated both Title I and Title II of the ADA by using a single formula to calculate

_____

[*]The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation.

disability benefits for disabled employees regardless of their respective degrees of disability, which results in a lower standard of living for more severely disabled employees.

The district court granted the defendant's motion for failure to state a claim upon which relief may be granted and dismissed the action. The court held that Hagood had failed to demonstrate that he is a "qualified individual with a disability" as defined by Title I of the ADA, and that he therefore could not meet the threshold requirement for stating a claim under Title I. The court further held that the binding precedent of this circuit holds that employment discrimination claims, including claims regarding such fringe benefits as long-term disability benefits, are exclusively the province of Title I of the ADA, and that Hagood therefore could not bring his claim under Title II. Finally, the district court held that even if the claims could properly be brought under Title II, he could not meet the requirements of a prima facie case of discrimination because he does not claim that he is being denied access to disability benefits or is being discriminated against under the terms of the disability benefits program solely because of his disability, but rather, claims that the benefits under the plan *should* discriminate on the basis of the degree of disability. Hagood timely appealed.

After carefully reviewing the record, the applicable law, the parties' briefs and counsels' arguments, we are convinced that the district court did not err in its conclusions. As the district court's opinion carefully and correctly sets out the law governing the issues raised, and clearly articulates the reasons underlying its decision, issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we **AFFIRM**.

2